[Civ. No. 13549.   Second Dist., Div. One.   July 9, 1942.]

LOIS E. WUEST, Appellant, v. WILLIAM O. WUEST, Respondent.

Newby & Newby and Dee Holder for Appellant.

Cook & Obeji for Respondent.

WHITE, J.—Plaintiff and defendant are wife and husband. The former instituted an action against the latter for separate maintenance and later, by amendment to her complaint, sought a divorce on the ground of extreme cruelty. Following trial, an interlocutory judgment of divorce was granted to plaintiff wife and the same was entered May 31,

1940. In her divorce complaint plaintiff sought a division of the community property belonging to the parties. The portion of the interlocutory judgment affecting distribution of the community property, the manner of payment to the wife for her share thereof, as well as the provisions of a stipulation with reference thereto signed by the parties and incorporated in the interlocutory judgment, and the claimed conditions and circumstances which led up to the signing of such stipulation, are set forth in detail in an opinion this day filed in Case no. 13563, entitled *"Lois E. Wuest, Plaintiff and Appellant,* v. *William O. Wuest, Defendant and Respondent,"* *ante,* p. 339 [127 P. (2d) 934], to which reference is hereby made for a narration thereof.

In April, 1941, prior to the entry of the final judgment of divorce, the wife filed in the superior court a notice of motion by which she sought "an order that the interlocutory decree heretofore entered in the within action, on or about the 31st day of May, 1940 . . . insofar as said interlocutory decree concerns itself with the community rights of the parties hereto, be modified and the rights of the parties in the community property be fixed and determined in pursuance of said interlocutory decree as modified in the following respects:

"(1) That the community property of the parties be sold" and the proceeds be divided between the parties;

(2) That in lieu of a sale, the property be partitioned in kind;

(3) Or in lieu of either of the above, the parties be determined to hold the property as tenants in common in such proportions as the court might deem equitable and just.

On May 9, 1941, the court made its order denying the aforesaid motion of plaintiff to modify the interlocutory judgment. From the order denying her motion plaintiff prosecutes this appeal.

Appellant contends that the court below denied her motion on the ground that it was without jurisdiction "to do anything whatsoever concerning the interlocutory decree," and her briefs in their entirety are devoted to an argument in support of the claim that by the terms of the interlocutory judgment the court reserved unto itself and possessed jurisdiction to grant the relief sought. Respondent on the other hand contends that the granting or denial of the relief sought by the appellant in the superior court was a matter of fact

to be determined by it, and the court's decision on the merits will not therefore be disturbed on appeal in the absence of a clear showing that such decision was erroneous.

This appeal comes before us on the judgment roll alone. Contained therein is the notice of motion to modify the interlocutory decree and the plaintiff's affidavit in support thereof. The only reference in the clerk's transcript as to what transpired in the trial court following hearing of plaintiff's motion is the following order made by the court on May 9, 1941: "Motion by plaintiff to modify interlocutory decree of divorce heretofore submitted April 18, 1941, is denied." Nowhere in the record on appeal do we find any intimation that the order of the court was based upon a belief that it was without jurisdiction to grant the relief sought. We are not furnished with any record of what transpired at the hearing other than the order of the court just set forth. We must assume that the trial judge in settling the record on appeal caused to be inserted therein all matters relevant to the ruling to which exception has been taken or which will explain the same. In the light of the record before us, we are required to assume that plaintiff's motion was presented to the court and determined upon factual issues raised by plaintiff's motion and supporting affidavit. We cannot indulge in the assumption that such motion was denied on the ground that the court believed it was without jurisdiction in the premises. Every intendment is in favor of the order or judgment made by the trial court, and appellant does not question the correctness of the order if made after consideration of a factual situation, but contends only that the court denied her relief solely because of lack of jurisdiction. The record does not sustain appellant in this contention. Therefore the order must be, and it is, affirmed.

York, P. J., and Doran, J., concurred.